(75 App. Div. 152.)

### LOCKE v. WALDRON.

(Supreme Court, Appellate Division, Third Department.   July 8. 1902.)

1. NEGLIGENCE—ALLOWING TRUNKS TO FALL IN HIGHWAY—PERSONAL INJURY—EVIDENCE—SUFFICIENCY.

Defendant in an action for damages for injuries received from the fall of a tree which he cut down and allowed to fall in the highway, thus killing plaintiff's team, testified that he saw the team of plaintiff and a third person approaching as the tree was falling, and ran into the road and called to them to stop, but that they drove faster, and plaintiff's team was killed by the fall of the tree. Defendant's testimony was corroborated by the third person. The tree was so situated that it could not be prevented from falling on the highway. Held sufficient to sustain a verdict for defendant.

2. SAME—INSTRUCTIONS.

A requested instruction, in an action for injuries caused to a traveler by cutting a tree and allowing it to fall in the highway, that felling the tree, and allowing it to fall in the highway, are presumable negligence, is properly refused, as being an instruction that defendant is negligent as a matter of law.

3. SAME—JURY QUESTION.

The question whether cutting a large tree and allowing it to fall in the highway, when it cannot be caused to fall in any other direction, is negligence, is a question of fact for the jury.

Smith, J., dissenting

Appeal from St. Lawrence county court.

Action by Charles D. Locke against Charles B. Waldron.   Judgment was rendered for defendant, and from an order granting a new trial defendant appeals.   Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

W. B. Van Allen, for appellant.
Abbott & Dolan, for respondent.

KELLOGG, J.   This action was brought in justice court, and the jury found a verdict of no cause of action.   On appeal to the county court a new trial was had, and again a jury found a verdict of no cause of action.   The county court set this verdict aside and directed a third trial.   From this order an appeal is taken to this court.

It appears that the sole question submitted to the jury was the question of the negligence of the defendant.   The defendant was the owner of a piece of land upon which a maple tree some 19 inches through and 87 feet high was standing.   It was 23 feet from the traveled track of the highway.   The plaintiff cut it down to use for

firewood. The evidence supports the conclusion that in falling it would, in spite of all efforts to prevent, fall along and partly in the traveled track. When the tree was so far cut that it began to fall, the defendant saw two teams approaching, going in the direction in which the tree was falling. Defendant, as a witness, says:

"I hollered, 'Hold on!' and run right into the road and waved my hand and hollered. * * * They partly pulled the team to a stop, and I says, 'Hold on!' * * * and Howe hollered, 'Hold on!' * * * I stood right side of the road, and probably within two feet of the track on the road. * * * I told Bishop [the driver of the first team] to hold on, and as he got right up close by; * * * and I says: 'Hold on, you damned fools! Don't go under that tree. You will get killed.' And they proceeded and grabbed the whip."

It appears from his testimony that the only attention paid to these warnings and efforts to stop them was to urge the horses to greater speed. The first team passed under the tree. The second team was not so fortunate. The tree struck them, killing the horses and smashing the sleigh. This evidence is partly corroborated by the only other witness on the subject,—Bishop, sworn for the plaintiff. He says:

"I testified on the trial before the justice up at Fine. I there testified that I heard Waldron [defendant] calling me, warning me to stop, before I reached the tree, and that was true."

On this testimony it was submitted to the jury whether the defendant was negligent in not giving notice of the danger,—sufficient notice; and apparently two juries have found that ample notice was given, and they might have found that it was willfully disregarded. That the jury was justified in its conclusion, from the evidence in this case, that defendant was free from negligence, there can be no doubt. The learned trial judge made no ruling on the trial of which certainly the plaintiff has a right to complain, and the same can be said of the charge to the jury. The question submitted was a question of fact. It could not be a question of law. It would have been error to have taken the question of defendant's negligence from the jury. The plaintiff's counsel asked the court to charge "that the act of the defendant in falling the tree was, in itself, presumable negligence." This was properly refused. This is asking the court to instruct the jury that defendant was negligent as a matter of law. So there is no exception appearing in the record, available to the plaintiff, which would warrant an order for a new trial. The learned court, in stating its reasons for setting aside the verdict, says:

"Upon further examination of the case, I am of the opinion that I might have legally gone further, and have charged the jury that it was negligence per se to fall a tree of this size into a public highway used by the traveling public, and that, further than that, it was a wrong punishable by indictment under the Penal Code of the state of New York; and, upon the evidence before me, I might well have directed a verdict for the plaintiff."

We may properly presume that because of this understanding of the law the verdict was set aside. If this is a correct exposition of the law as applicable to this case, it was clearly the duty of the county court to direct a new trial, to the end that the jury might be properly instructed, or a verdict directed. But we do not agree with the learned county court in this regard, and do agree with the under-

standing of the court, expressed on the trial, that defendant's negligence was a question of fact for the jury, and not a question for the court to pass upon.

The order of the county court in setting aside the verdict is reversed, with $10 costs and disbursements, and the verdict is reinstated. All concur, except SMITH, J., who dissents.

---

## SCHOLZ v. NEW YORK & H. R. CO.

(Supreme Court, Appellate Division, First Department.  July 8, 1902.)

Modification of opinion. For former opinion, see 74 N. Y. S. 1146.

Argued before VAN BRUNT, P. J., and O'BRIEN, McLAUGHLIN, and LAUGHLIN, JJ.